CHAVEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-200-CR

        2-05-201-CR

TONY CHAVEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tony Chavez appeals the trial court’s denial of his motion for DNA testing.  In a single point, appellant contends that DNA testing should have been allowed because identity was the central issue in the underlying case and there is a reasonable probability that he would not have been convicted had the DNA evidence been retested.  We affirm.

Appellant and his codefendant, Vincent Montoya, were tried for and convicted of aggravated kidnapping and aggravated sexual assault.  We affirmed appellant’s convictions in an unpublished opinion.
(footnote: 2)  Thereafter, appellant filed a motion for DNA testing, which the trial court denied.  This appeal followed. 

In his sole point on appeal, appellant contends that his identity as the victim’s kidnapper and assailant was the central issue in the underlying case because (1) appellant pleaded not guilty to the charged offenses, (2) blood samples obtained from a screwdriver used in the crimes and from the victim’s clothing matched only Montoya’s blood samples, (3) DNA tests on a cotton swab from the rape exam kit were inconclusive, (4) there is no other physical evidence connecting appellant to the crimes, (5) his identity as the perpetrator was established at trial solely through eye-witness testimony, which is inherently unreliable, and (6) the victim’s friend told police after the assault that the perpetrators had been a Caucasian male and a Hispanic male, but appellant and Montoya are both Hispanic. 

A trial court is required to order DNA testing only if, among other things, identity was or is an issue in the case.
(footnote: 3)  In reviewing the trial court’s ruling on a motion for DNA testing, we apply a bifurcated standard of review.
(footnote: 4)  We afford almost total deference to the trial court’s determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, and we review de novo the ultimate question of whether the trial court was required to grant DNA testing.
(footnote: 5)
 An appellant’s not guilty plea at trial does not automatically place his identity at issue for DNA purposes.
(footnote: 6)  For example, identity is not at issue if an appellant confessed to the charged offense and later pleaded not guilty.
(footnote: 7)  Further, identity is not at issue if an appellant admitted that he was with the victim at the time of the offense and later pleaded not guilty.
(footnote: 8)  In addition, conflicting descriptions of the perpetrator do not necessarily place identity at issue.
(footnote: 9)
 In this case, the trial court found as follows.  The victim and her friend both identified appellant as one of two men who drove them off the road.  The victim and her friend both identified appellant as one of the two men who kidnapped the victim.  Appellant gave a statement and admitted that he and Montoya kidnapped the victim and that he drove while Montoya sexually assaulted the victim in the back seat.  Appellant further admitted that he was in a house
(footnote: 10) the entire time the victim was there and that he did not remember everything that happened the night the victim was assaulted.  The victim testified that appellant sexually assaulted her.  The record supports these findings.  Further, the victim testified that both appellant and Montoya sexually assaulted her, and appellant admitted that he was in the house when the police arrived. 

This evidence shows that the trial court did not err by concluding that appellant’s identity was not and is not an issue in the case with regard to either the kidnapping or the sexual assault.  Therefore, we hold that the trial court did not err by denying appellant’s motion for DNA testing.
(footnote: 11)  We overrule appellant’s point and affirm the trial court’s order.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Chavez v. State,
 Nos. 02-99-00129-CR, 02-99-00130-CR (Tex. App.—Fort Worth March 29, 2001, pet. ref’d) (not designated for publication), 
cert. denied,
 537 U.S. 865 (2002).

3:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(B) (Vernon Supp. 2005).

4:
Rivera v. State,
 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

5:
Id.

6:
Montoya v. State,
  Nos. 02-04-00473-CR, 02-04-00474-CR, 2005 WL 1594336, at *1 (Tex. App.—Fort Worth July 7, 2005, no pet.) (mem. op.) (not designated for publication).

7:
See Bell v. State,
 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).

8:
See Morris v. State,
 110 S.W.3d 100, 103 (Tex. App.—Eastland 2003, pet. ref’d) (holding identity was not at issue when appellant’s statements showed he and victim were together when assault occurred).

9:
See Montoya,
 2005 WL 1594336, at *1-2; 
Garrett v. State,
 No. 02-03-00356-CR, 2004 WL 1944556, at *1 (Tex. App.—Fort Worth Aug. 31, 2004, no pet.) (mem. op. on PDR) (not designated for publication) (both holding that when appellant was found at the place of the assault, identity is not at issue, even if there is conflicting testimony regarding assailant’s description or race).

10:
Appellant stated that the house was his. 

11:
In light of our holding regarding appellant’s identity, we need not consider his argument that there is a reasonable probability that he would not have been convicted had the DNA evidence been retested.  
See
 
Tex. R. App. P.
 47.1.